Hall, J.
1. The evidence supports the verdict.
2. The neglect of counsel, as a general rule, affords no ground for granting a new trial. 3 Gr. & W. N. T. (ed. 1855), pp. 15, 29 et seq.
(a) Even if the failure of the defendant charged with murder fo make a statement that the homicide was justifiable was the result of his own ignorance and.of the failure of the counsel whom he had employed to defend him to apprise him of his right, or of their neglect or oversight, it is not made apparent that he suffered detriment therefrom; but it is not clear that the failure to make such statement resulted from such causes.
3. It does not appear that any harm was done the prisoner by the nexperience or inefficiency of the counsel who represented him on the trial, or that any evidence which could elucidate his case was, on this-account, withheld from the jury; and it is doubtful from the judge’s *453 certificate whether either of his counsel was so much under the influence intoxicating drink as to incapacitate him from the performance of his duty; and while this court does not hold that, if the evidence established the innocence of the prisoner and that his conviction was in an appreciable degree attributable to the unskillfulness or inefficiency of his counsel,especially as the result of ignorance and drunkenness combined, this wmuld not afford a good ground for a new trial, yet such are not the facts in this case. 3 Whart. Am. Or L., §§3366, 3367, 3367 (a), 3368 (b), 3369, 3372 (a), 3377 (f).
R. H. Powell; W. 0. Butler, for plaintiff in error.
Clifford Anderson, attorney general, by J. H. Lumpkin; J. H. Guerry; solicitor general, by E. C. Bower, for the state.
Judgment affirmed.